C-13-11(b)
(1/18)

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

```
In Re:                             )
                                   )
Rulon, Michael Patrick  xxx-xx-0698)
150 Sunrise Acres                  )   Case No. 18-10387 C-13G
Stokesdale, NC 27357               )
                                   )
                                   )
            Debtor.                )
```

## NOTICE OF PLAN AND ORDER CONFIRMING PLAN
## AND TIME FOR FILING OBJECTION THERETO

     1.  The plan proposed by the Debtor is set forth in the attached copy of the proposed Order Confirming Plan.

     2.  The plan will be confirmed after the time period for filing objections has expired unless a timely objection is filed.

     3.  If a timely objection is filed a hearing on the objection to confirmation and on confirmation of the proposed plan will be held on July 17, 2018, at 2:00 p.m., in Courtroom #2, Second Floor, 101 South Edgeworth Street, Greensboro, NC.  The party objecting must appear at the hearing.

     4.  Written, detailed objections must be filed at least **seven (7)** days before the date set for hearing on confirmation.  Any objection must be filed with the Clerk of Court *via CM/ECF or* at U.S. Bankruptcy Court, P.O. Box 26100, Greensboro, NC, 27420-6100, with copies served on (1) Anita Jo Kinlaw Troxler, Standing Trustee, P.O. Box 1720, Greensboro, NC 27402-1720; (2) the attorney for the Debtor; and (3) the Debtor.  If the objecting party is a corporation, the objection must be filed by legal counsel admitted to practice in this District.

     5.  The Debtor and the attorney for the Debtor are required to appear at any hearing on confirmation.

     6.  There will be no further mailing of the Order Confirming Plan to affected parties unless there is a change in the attached proposed Order Confirming Plan.

DATE: June 15, 2018                    Office of the Clerk
                                       Reid Wilcox, Clerk

C-13-7a
(Rev. 12/17)

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| In Re: | ) | **ORDER CONFIRMING PLAN** |
| | ) | **CHAPTER 13** |
| | ) | |
| Rulon, Michael Patrick    xxx-xx-0698 | ) | |
| 150 Sunrise Acres | ) | Case No. 18-10387 C-13G |
| Stokesdale, NC 27357 | ) | |
| | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

This case came before the Court, after notice and opportunity for hearing, for confirmation of the Chapter 13 plan; and IT APPEARING to the Court as follows:

The Trustee in this case is Anita Jo Kinlaw Troxler, 500 West Friendly Avenue, Suite 200, P.O. Box 1720, Greensboro, NC 27402-1720;

The Attorney for the Debtor is     Tommy S. Blalock, III, Esq.    ;

Under the final plan (the "Plan") as proposed:

### Section 1:

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 4, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest will be done by separate motion or adversary proceeding. | | ☒ Not included |
| 1.3 | Nonstandard provisions set out in Section 9. | ☒ Included | ☐ Not included |

### Section 2:    **Payments.**

2.1   The Debtor is to make monthly payments to the Trustee which are to be disbursed by the Trustee in accordance with the Plan and this Order.

2.2   The monthly plan payment to the Trustee is $    1,800.00    beginning    May 9, 2018    .

### Section 3: Fees and Priority Claims.

3.1 **Attorney Fees.**

    a.  ☒ The Attorney for the Debtor will be paid the presumptive base fee of $ 4,500.00 or a reduced fee of $_____. The Attorney has received $ 295.00 from the Debtor pre-petition and the remainder of the fee will be paid monthly by the Trustee as funds are available.

3.2 **Trustee costs.** The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses.

3.3 **Priority Domestic Support Obligations ("DSO").**

    a.  ☐ None

    b.  ☒ The name of the holder of any DSO as defined in §101(14A) is as follows:

| Name of DSO Claimant |
|---|
| **ERIN RULON** |

    c.  All post-petition DSO amounts will be paid directly by the Debtor to the holder of the claim and not by the Trustee.

3.4 **Other Priority Claims to be Paid by Trustee.**

    a.  ☐ None

    b.  ☒ To be Paid by Trustee

| Creditor | |
|---|---|
| **Internal Revenue Service** | |
| **N C Department of Revenue** | |
| **Rockingham County Tax** | |

### Section 4 Secured Claims.

4.1 **Real Property – Claims Secured Solely by Debtor's Principal Residence.**

    a.  ☐ None

    b.  ☐ Debtor to pay directly.

| Creditor & Address of Residence | Claim Filed (Y/N) | Monthly Payment |
|---|---|---|
| | | |

    c.  ☒ Trustee to Maintain Payments and Cure Default.

| Creditor & Address of Residence | Claim Filed (Y/N) | Monthly Payment | Monthly Payment to Begin | Arrears Through | Arrears Amount | Monthly Payment on Arrears |
|---|---|---|---|---|---|---|
| **COLONIAL NATIONAL MORTGAGE** **150 Sunrise Acres** **Stokesdale, NC** | Y | $1,013.76 w/escrow for tax & ins. | 7/18 | 6/18 | $18,054.75 | All Available |

4.2 **Real Property – Claims Secured by Real Property Other Than by Debtor's Principal Residence AND Claims Secured by Debtor's Principal Residence and Additional Collateral.**

    a.   ☒ None

4.3 **Personal Property Secured Claims**.

    a.   ☐ None

    b.   ☐ Trustee to Maintain Payments and Cure Default.

| Creditor & Property | Claim Filed (Y/N) | Monthly Payment | Monthly Payment to Begin | Arrears Through | Arrears Amount | Monthly Payment on Arrears |
|---|---|---|---|---|---|---|
|   |   |   |   |   |   |   |

    c.   ☐ Claims Secured by Personal Property to be Paid in Full.

| Creditor & Property | Claim Filed (Y/N) | Claim Amount | Monthly Payment | Interest Rate | AP Payment |
|---|---|---|---|---|---|
|   |   |   |   |   |   |

    d.   ☒ Claims Secured by Personal Property excluded from 11 U.S.C. § 506 being either (i) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for personal use of the Debtor, or (ii) incurred within one (1) year of the petition date and secured by a purchase money security interest in any other thing of value. The filed claim must include documentation to show exclusion from 11 U.S.C. § 506 in order to be paid in full.

| Creditor & Property | Claim Filed (Y/N) | Claim Amount | Monthly Payment | Interest Rate | AP Payment |
|---|---|---|---|---|---|
| **WELLS FARGO DEALER SERVICES** (2016 Nissan) | N | $0.00 | $335.00 | 6.5% | $210.00 |

## Section 5  **Collateral to be Surrendered.**

    **a.**   ☐ None

    **b.**   ☒ Collateral to be Surrendered.

Upon timely filing of a claim evidencing a non-avoidable lien, the collateral is surrendered in satisfaction of the secured claim, and the stay under 11 U.S.C. § 362(a) is terminated as to the collateral only and the stay under § 1301 is terminated in all respects. The creditor is allowed a period of 120 days for personal property and a period of 180 days for real property in order to file a documented deficiency claim. Any allowed claim resulting from disposition of the collateral will be treated as an unsecured claim.

| Creditor | Collateral to be Surrendered | Claim Filed (Y/N) |
|---|---|---|
| **ONE MAIN FINANCIAL GROUP, LLC** | 2007 Nissan | Y |

## Section 6  **Nonpriority Unsecured Claims.**

6.1 **Nonpriority Unsecured Claims Not Separately Classified.**

Allowed nonpriority unsecured claims will be paid pro rata with payments to commence after priority unsecured claims are paid in full. The estimated dividend to nonpriority unsecured claims is   0  %.

6.2 **Separately Classified Nonpriority Unsecured Claims.**

    a.    ☒ None

### Section 7     Executory Contracts and Unexpired Leases.

    a.    ☒ None

### Section 8     Local Standard Provisions.

8.1
- a. All payments on any claim secured by real property will be disbursed by the Trustee unless the account is current, in which case the Debtor may elect to continue making payments directly. All payments on any claim secured by personal property will be disbursed by the Trustee, unless otherwise ordered by the Court.
- b. Proofs of claim must be filed to receive disbursements pursuant to the plan.
- c. Any creditor holding an allowed secured claim and to whom the Debtor is surrendering property under the order confirming plan is granted relief from the automatic stay as to the property and relief from any co-debtor stay so the creditor may obtain possession and liquidate the property. Any net proceeds, after payment of liens and costs of liquidation, are to be forwarded to the Trustee.
- d. All payments being made by the Trustee on any claim secured by real or personal property shall terminate upon the lifting of the automatic stay with respect to the affected property.
- e. All insurance and extended service contract coverage on unsecured claims are canceled and the claim must reflect cancellation and rebate to the account unless provided otherwise herein or in the order confirming plan.
- f. Notwithstanding the allowance of a claim as secured, all rights under Title 11 to avoid liens are reserved and confirmation of the plan is without res judicata effect as to any action to avoid a lien.

8.2 **THE FOLLOWING ADDITIONAL PROVISIONS ARE APPLICABLE TO THE HOLDER OR SERVICER ("HOLDER") OF A CLAIM SECURED BY A DEED OF TRUST, A MORTGAGE OR SECURITY INTEREST IN REAL PROPERTY, OR A MOBILE HOME THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE:**

- a. The Holder, upon confirmation, is precluded from imposing late charges or other default related fees based solely on pre-confirmation default.
- b. If the Trustee is disbursing ongoing monthly installment payments, the Holder must apply each ongoing payment to the month in which the payment is designated.
- c. For any loan with an escrow account, the Holder must prepare and must send an escrow analysis annually to the Debtor, the Trustee and the Debtor's attorney. The first escrow analysis must be filed with the proof of claim in accordance with Rule 3002.1 of the Federal Rules of Bankruptcy Procedure ("FRBP"). The escrow analysis should not include any amounts that were included or should have been included in the arrearage claim.
- d. The Holder shall continue to send monthly statements to the Debtor in the same manner as existed pre-petition and such statements will not be deemed a violation of the automatic stay.
- e. The Holder is required, upon request, to provide account information to the Trustee within 21 days of the request and failure to provide a timely response may result in an order requiring the Holder to appear and show cause as to why Holder should not be sanctioned for failure to comply.
- f. Nothing herein shall modify Holder's responsibilities under Rule 3002.1 of the FRBP.
- g. Unless the Court orders otherwise, an order granting a discharge in the case shall be a determination that all pre-petition and post-petition defaults have been cured and the account is current and reinstated on the original payment schedule under the note and security agreement as if no default had ever occurred.

8.3 **PENALTY FOR FALURE OF HOLDER TO COMPLY WITH THE REQUIREMENTS OUTLINED IN RULE 3002.1 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE ("FRBP").**

Without limitation to the Court's authority to afford other relief, any willful failure of the Holder to credit payments in the manner required by Rule 3002.1 of the FRBP or any act by the creditor following the entry of discharge to charge or collect any amount incurred or assessed prior to the filing of the Chapter 13 Petition or during the pendency of the Chapter 13 case that was not authorized by the order confirming plan or approved by the Court after proper notice, may be found by the Court to constitute contempt of Court and to be a violation of 11 U.S.C. § 524(i) and the injunction under 11 U.S.C. § 524(a)(2).

**Section 9**        **Nonstandard Plan Provisions.**

a.    ☐  None

b.    ☒  The following plan provisions will be effective only if there is a check in the box "Included" in Section 1.3. Any nonstandard provision as defined by Bankruptcy Rule 1315(c) set out elsewhere in this plan is void.

The Debtor will pay THE GREATER OF the amount necessary to pay all allowed costs of administration, priority and secured claims in full, with the exception of continuing long term debts, OR a minimum of 60 monthly plan payments, with the plan to be reviewed in six (6) months and periodically thereafter for plan payment adjustments.

Notwithstanding 11 U.S.C § 1327(b), all property of the estate as specified by 11 U.S.C §§ 541 and 1306 shall continue to be property of the estate following confirmation until the earlier of discharge, dismissal, or conversion of the case.

The Trustee is authorized to record on the public records any documents the Trustee deems advisable for the purpose of giving notice of the case.

**IT FURTHER APPEARING** to the Court that the Plan complies with the requirements of 11 U.S.C. §1325; therefore it is

**ORDERED** that the Plan is confirmed.

END OF DOCUMENT